Filed 5/7/14  P. v. Mouton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074926 |
| v. | (Super. Ct. No. 12F01882) |
| DANIKA DASEA MOUTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Danika Dasea Mouton asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I

A law enforcement officer conducted a probation search of defendant and found her in possession of a narcotics pipe and a plastic baggie with 12 Percocet pills. Defendant did not have a prescription for the pills.

Defendant pleaded no contest to possession of a controlled substance (oxycodone). (Health & Saf. Code, § 11350, subd. (a).) In accordance with the plea agreement, the trial court suspended imposition of judgment and sentence and placed defendant on formal Proposition 36 probation for five years with various additional terms and conditions, including that if defendant were terminated from the program she could be sentenced to 120 days in county jail. The trial court also ordered defendant to pay a $240 restitution fine (Pen. Code, § 1202.4), a $240 probation revocation fine (Pen. Code, § 1202.45), a $100 drug treatment placement program fee (Pen. Code, § 1210.1, subd. (a)), a $70 AIDS education program fee (Health & Saf. Code, § 11377, subd. (c)), and a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)).

Approximately nine months later, defendant admitted a drug-related probation violation. The trial court denied drug court based on defendant's criminal history and ordered her to serve 120 days in county jail. Approximately six months later, defendant admitted violating probation based on theft-related charges. The trial court revoked and reinstated probation conditioned on defendant serving 150 days in county jail consecutive to her current term. Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                    MAURO           , J.

We concur:

              BLEASE            , Acting P. J.

               HULL             , J.